The court, therefore, concludes as matters of law:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for determining the value of the merchandise involved herein, except as to appeal R58/8800, and as to that appeal the proper basis for determining the value of the merchandise therein involved is export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended, *supra.*

2. That such values are as set forth in finding of fact No. 4 above.

3. That appeal R60/19455, having been abandoned, should be dismissed.

Judgment will be entered accordingly.

(Reap. Dec. 11107)

KURT ORBAN CO., INC., ET AL. *v.* UNITED STATES

Entry No. 1970, etc.

(Decided November 24, 1965)

*Sharretts, Paley & Carter* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for a reappraisement, enumerated in the schedule attached to and made a part of the decision herein, present the question of the proper dutiable value of certain galvanized wire and galvanized cable twist, imported from Belgium into the port of New Orleans.

The parties hereto have submitted said appeals for decision upon the following stipulation of fact:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto that the merchandise consists of galvanized wire and galvanized cable twist exported from Belgium during the year 1959; that said merchandise is not on the list of products published in T.D. 54521 from which the application of the Customs Simplification Act of 1956 (Public Law 97—84th Congress, Second Session) is withheld; that the issues are the same in all material respects as those in *Kurt Orban* v. *United States*, 52 CCPA (Cust.), C.A.D. 851 and that the record in said case be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that the price at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise was freely sold, or in the absence of sales offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities, and in the ordinary course of trade, for exportation to the United States, including the cost of all containers of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, was the invoice unit values net packed exclusive of inland freight and f.o.b. charges.

Upon the agreed facts of record and following the cited authority, the court finds and holds that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the galvanized wire and galvanized cable twist in issue and that said value is the invoice unit values, net packed, exclusive of inland freight and f.o.b. charges.

Judgment will issue accordingly.